# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:17-cv-07684-VEC |
| Plaintiff, | |
| -against- | |
| HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee, | |
| Defendant. | |

**REPLY IN SUPPORT OF MOTION TO INTERVENE BY NATIONAL
CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT**

## TABLE OF CONTENTS

                                                                                                                           Page

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT .................................................................................................................................2

I.     NCUA Is Entitled to Intervention As Of Right Under Rule 24(a)(2) ................................. 2

        A.     NCUA's Motion is Timely ........................................................................................2

        B.     NCUA's Interest In the FHLT 2006-C Trust Is Direct and Substantial ..................4

        C.     NCUA's Ability to Protect Its Interests May Be Impaired......................................7

        D.     Representation May Be Inadequate ..........................................................................8

II.    Alternatively, the Court Should Grant Permissive Intervention ....................................... 10

CONCLUSION............................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**                                                                                                    Page

*Authors Guild v. Google, Inc.*, 2009 WL 3617732 (S.D.N.Y. 2009) ...............................................3

*B&A Demolition v. Markel Ins.*, 818 F. Supp. 2d 592 (E.D.N.Y. 2011) ....................................5-6

*BlackRock, NCUA et al. v. Wells Fargo*, 247 F. Supp. 3d 377 (S.D.N.Y. 2017) ........................1, 6

*BlackRock, NCUA et al. v. Wells Fargo*, 2017 WL 3610511 (S.D.N.Y. 2017) ..........................1, 7

*Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123 (2d. Cir. 2001)...................................................6

*Bridgeport Guardians, Inc. v. Delmonte,* 602 F.3d 469 (2d Cir. 2010) ..........................................6

*Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171 (2d Cir. 2001) ......................................9

*Chen-Oster v. Goldman, Sachs & Co.*, 2015 WL 4619663 (S.D.N.Y. 2015) ........................3, 8, 10

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) ...............................................................3

*Diduck v. Kaszycki & Sons Contractors*, 149 F.R.D. 55 (S.D.N.Y. 1993)................................. 8-9

*Drywall Tapers v. Bovis, Inc.*, 2007 WL 2778630 (E.D.N.Y 2007)................................................3

*Fed. Ins. v. SafeNet Inc.*, 758 F. Supp. 2d 251 (S.D.N.Y. 2010) .......................................................8

*Garrity v. Gallen*, 697 F.2d 452 (1st Cir. 1983) .................................................................................3

*Holocaust Victim Assets Litig., In re*, 225 F.3d 191 (2d Cir. 2000) ................................................3

*Home Ins. Co. v. Liberty Mut. Ins. Co.*, 1990 WL 188925 (S.D.N.Y. 1990) ..............................3, 8

*Hooper Assocs. v. AGS Computs., Inc.*, 74 N.Y.2d 487 (1989).....................................................2

*Jakubik v. Schmirer*, 2013 WL 3465857 (S.D.N.Y. 2013)............................................................10

*Kheel v. Am. S.S. Owners Mut.*, 45 F.R.D. 281 (S.D.N.Y. 1968).....................................................9

*MasterCard v. Visa*, 471 F.3d 377 (2d Cir. 2006) ..................................................................2, 3, 7

*NASDAQ, In re*, 187 F.R.D. 465 (S.D.N.Y. 1998) ......................................................................8, 9

*NCUA v. HSBC*, 117 F. Supp. 3d 392 (S.D.N.Y. 2015) ..................................................................7

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
    2010 WL 5222127 (S.D.N.Y. 2010)...................................................................................6, 9

*Oneida Indian Nation v. New York*, 732 F.2d 261 (2d Cir. 1984) ............................................... 8, 9

*Pandora Media, Inc., In re*, 2013 WL 6569872 (S.D.N.Y. 2013) ..................................................... 6

*Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017) ...................................................... 7

*United States v. Hooker Chems & Plastics Corp.*, 749 F.2d 968 (2d Cir.1984) ............................. 9

*United States v. I.B.M.*, 62 F.R.D. 530 (S.D.N.Y. 1974) ................................................................. 9

*United States v. N.Y. Bd. of Elections*, 312 F. App'x 353 (2d Cir. 2008) ........................................ 9

*VNB Realty v. U.S. Bank*, 2016 WL 3912028 (D.N.J. 2016) ........................................................... 9

*Wash. Elec. Coop. v. Mass. Mun. Elec. Co.*, 922 F.2d 92 (2d. Cir. 1999) ......................... 4, 5, 6, 10

*Wells Fargo Bank, N.A. v. Wales LLC*, 2014 WL 4672395 (S.D.N.Y. 2014) ................................. 9

**STATUTES, REGULATIONS, AND RULES**

Fed. R. Civ. P. 24 ...................................................................................................................... 2, 7, 9

Fed. R. Civ. P. 24, cmt. on 1966 Amend. ......................................................................................... 4

Fed. R. Civ. P. 24(a) ......................................................................................................................... 9

Fed. R. Civ. P. 24(a)(2) ........................................................................................................... 2, 6, 7, 9

Fed. R. Civ. P. 24(b)(1) .................................................................................................................... 9

Federal Credit Union Act, 12 U.S.C. § 1751 *et seq.* ........................................................................ 2

# GLOSSARY

**PLEADINGS**

| Short Cite | Description |
|---|---|
| NCUA Br. | Memorandum of Law in Support of Motion to Intervene by National Credit Union Administration Board As Liquidating Agent, *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*, 17-CV-07684 (S.D.N.Y. Dec. 5, 2017), Dkt. 36 |
| HSBC Br. | Memorandum in Opposition to Motion to Intervene by National Credit Union Administration Board As Liquidating Agent, *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*, 17-CV-07684 (S.D.N.Y. Dec. 5, 2017), Dkt. 48 |

| Short Cite | Description |
|---|---|
| *NCUA/WF I* | *BlackRock v. Wells Fargo*, 247 F. Supp. 3d 377 (S.D.N.Y. 2017) |
| *NCUA/WF II* | *BlackRock v. Wells Fargo*, 2017 WL 3610511 (S.D.N.Y. 2017) |
| Intervenor | National Credit Union Administration Board, as liquidating agent |
| HSBC | Defendant HSBC Bank USA, National Association |
| RP Compl. | Royal Park Complaint, *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*, 17-CV-07684 (S.D.N.Y. Oct. 6, 2017), Dkt. 1 |
| RMBS | Residential Mortgage-Backed Securitization |
| PSAs | Pooling and Servicing Agreements or Indentures |
| DBALT 2006-AR5 | Deutsche Bank Alt-A Trust Series 2006-AR5 |
| FHLT 2006-C | Fremont Home Loan Trust Series 2006-C |
| WFHET 2006-2 | Wells Fargo Home Equity Asset-Backed Trust Series 2006-2 |
| NGN | NCUA Guaranteed Notes |
| Proposed Compl. | NCUA's Proposed Intervenor Complaint, attached as Exhibit A to Declaration of Scott K. Attaway, *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*, 17-CV-07684 (S.D.N.Y. Dec. 5, 2017), Dkt. 37-1 |
| FHLT 2006-C Cert. | FHLT 2006-C Form of Certificate, attached as Exhibit B to Declaration of Scott K. Attaway, *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*, 17-CV-07684 (S.D.N.Y. Dec. 5, 2017), Dkt. 37-2 |
| *Amicus Brief* | NCUA's Amicus Brief, filed in *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.*, Case No. 17-cv-05916-AJN, Dkt. 30 (S.D.N.Y. Aug. 4, 2017) and attached as Exhibit C to Declaration of Scott K. Attaway, *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*, 17-CV-07684 (S.D.N.Y. Dec. 5, 2017), Dkt. 37-3 |

HSBC's brief in opposition is laced with erroneous rhetoric and misdirection that should not deceive this Court. Whereas HSBC claims (at 5) that the coordinated plaintiffs' underlying cases on the merits "find[] no support in governing agreements," Judge Failla has construed such agreements to mean that, "*upon receipt of [] notice* [of third-party breaches], it becomes incumbent upon the Trustee to pick up the scent and nose to the source." *BlackRock, NCUA, et al. v. Wells Fargo*, 247 F. Supp. 3d 377, 393 (S.D.N.Y. 2017) (emphasis by the court; alteration omitted). At a minimum, therefore, HSBC was required to protect investors based upon its "knowledge of information that would lead a reasonable person to inquire further." *BlackRock, NCUA, et al. v. Wells Fargo*, 2017 WL 3610511, at *10 (S.D.N.Y. 2017).

But HSBC utterly failed at every turn to do so. When Goldman Sachs told HSBC in early 2007 that numerous loans in 14 trusts — including the FHLT 2006-C trust on which NCUA primarily bases intervention — were defective, HSBC both *ignored* Goldman's notice and indefensibly *kept* it from investors. NCUA Br. 15-16; Proposed Compl. ¶¶ 35-40. Now, to add insult to injury, when investor beneficiaries properly sued HSBC for its dereliction of duty, HSBC began raiding investor trust funds to pay its litigation defense. The buck should stop here.

As to intervention, HSBC contends NCUA should file new complaints against it as well as other defendants in three more underlying trustee cases, unfairly denigrating its intervention efforts as "vexatious[]" "gamesmanship" providing "multiple bites at the apple" and "needlessly complicat[ing] the Court's resolution of the[] [indemnity] issues." HSBC Br. 2-3. But NCUA's targeted intervention efforts will be far more helpful and efficient for this Court and others in this District than would be new suits. NCUA's proposed complaint would not add a single trust to this case, and in three other cases NCUA seeks to add a total of only *one* trust. *See infra* p.4 n.1.

In contrast, four new suits filed by NCUA, in light of claim-splitting arguments HSBC

and other defendants no doubt would raise later if NCUA first were to file smaller cases, might contain 200 additional trusts at issue in underlying litigation by NCUA against the same four defendants, including 37 trusts at issue in NCUA's underlying litigation against HSBC.

It would plainly be more efficient for this Court (and the three others) as an initial matter to address the indemnification issues for a smaller set of trusts. And it is crucial that this Court have a full advocacy presentation on which to base its decision on such an issue of potentially far-reaching impact. NCUA — which is authorized as a federal agency by Congress in the Federal Credit Union Act to liquidate and pursue claims on credit union assets, *see* 12 U.S.C. § 1751 *et seq*. — will present arguments specifically targeted to the nature of *trust funds*, the role of a *common-law trust and trustee*, and the role of the *certificates* by which investors contracted with the trustee, none of which have yet been fairly considered by any court applying *Hooper Associates v. AGS Computers, Inc.*, 74 N.Y.2d 487 (1989). *See* NCUA Br. 1-2, 14-16, & Ex. C.

NCUA respectfully submits that its presentation will assist the Court and ensure a full record, and requests that the Court grant intervention of right or in the alternative by permission.

## ARGUMENT

### I.   NCUA Is Entitled to Intervention As Of Right Under Rule 24(a)(2)

#### A.   NCUA's Motion is Timely

*Length of time has been short.* NCUA timely moved on December 5, 2017, one day after HSBC moved to dismiss and less than two months after Royal Park filed this suit. HSBC's unsupported proposition (at 19-22) that timeliness is measured from *before* the lawsuit was even filed is refuted by Rule 24's text, which refers to an "interest relating to the property or transaction *that is the subject of the action*" in which intervention is sought. Fed. R. Civ. P. 24(a)(2) (emphasis added). Obviously, intervention cannot be sought until "the action" is filed, and the cases cited by HSBC measure time from that date. *See MasterCard v. Visa*, 471 F.3d

2

377, 390 (2d Cir. 2006) (5-month delay "since … litigation began"); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) ("more than a year after the complaint"); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198-99 (2d Cir. 2000) (8 months from proposed settlement); *Drywall Tapers v. Bovis, Inc.*, 2007 WL 2778630, *4 (E.D.N.Y 2007) ("five months" from complaint).

*No prejudice to HSBC*.  Unlike here, the cases cited by HSBC (at 21-23) found prejudice after significant litigation events had occurred.  *See MasterCard*, 471 F.3d at 390 (motion filed after multiple merits decisions and on "eve of the preliminary injunction hearing" in which participation was sought); *D'Amato*, 236 F.3d at 84 (intervention would "derail" settlement); *Holocaust Victim Litig.*, 225 F.3d at 199 (same); *Drywall Tapers*, 2007 WL 2778630, *5 (same); *Authors Guild v. Google, Inc.*, 2009 WL 3617732, at *3 (S.D.N.Y. 2009) (same).

The lack of prejudice together with the immaterial short delay warrants intervention here. *See Home Ins. Co. v. Liberty Mut. Ins. Co.*, 1990 WL 188925, at *2 (S.D.N.Y. 1990) (lack of prejudice "most significant criterion" for timeliness); *Garrity v. Gallen*, 697 F.2d 452, 455 (1st Cir. 1983) (timeliness "not designed to penalize" but insures parties "are not prejudiced").

HSBC complains (at 20-21) that intervention would require it to "prepare an additional motion to dismiss," but the proposed complaint adds *zero* trusts, and the lack of class allegations (HSBC Br. 23) only simplifies NCUA's case.  Regardless, this Court will decide questions of law including how to view a trust fund, its investor beneficiaries, and the certificates by which investors contracted with HSBC under *Hooper*, and will benefit from a full presentation.  If plaintiffs prevail, the issue will be the amount of disgorgement, a presumably straightforward issue that the parties might settle and should not require extensive discovery.  Requiring NCUA to file a new suit would impose greater burdens.  *See Chen-Oster v. Goldman, Sachs & Co.*, 2015 WL 4619663, at *9 (S.D.N.Y. 2015) (no prejudice where new action would pose same burden).

*Prejudice to NCUA*.  NCUA would be prejudiced by denial if an adverse decision were rendered in its absence.  *See* NCUA Br. 8.  HSBC asserts (at 13-15) that such a ruling would not have a true *stare decisis* effect in other district courts.  But, if a new case were accepted as related, this Court may simply follow its own lead, and in any case NCUA would be "substantially affected in a practical sense" by an adverse decision.  Rule 24, cmt. 1966 Amend.  Moreover, two courts could issue inconsistent judgments on the same trusts.  *See infra* pp. 7-8.

Here, a new suit would add 37 trusts currently in NCUA's underlying case against HSBC compared to zero through intervention, consistent with the "[t]he purpose of the rule allowing intervention . . . to *prevent* a multiplicity of suits where common questions of law or fact are involved."  *Wash. Elec. Coop. v. Mass. Mun. Elec. Co.*, 922 F.2d 92, 97 (2d. Cir. 1999) (emphasis added).  Once legal principles are established in this and other pending indemnity suits, including exhaustion of appeals, those standards could more efficiently be applied to additional trusts, where appropriate, through *stare decisis* or issue preclusion.[1]

*Unusual Circumstances*.  Investors in the underlying litigation are bearing HSBC's fees while HSBC currently bears none.  NCUA proposes the most efficient method to develop a full record for this Court's decision, while limiting to some degree investor harms in the meantime.

### B.   NCUA's Interest In the FHLT 2006-C Trust Is Direct and Substantial

HSBC (at 8-13) erroneously claims NCUA's interest is impermissibly "contingent" rather

---

[1] NCUA's efforts across four cases seek to add only one trust as compared with 200 trusts that would be at issue in four new suits.  *See Royal Park v. U.S. Bank*, No. 14-02590-VM, Dkt. 350 (S.D.N.Y. filed Dec. 19, 2017) (NCUA intervention would add zero trusts); *Royal Park v. Wells Fargo*, No. 17-cv-06687-KPF, Dkt. 22 (S.D.N.Y. filed Dec. 8, 2017) (one additional trust).  NCUA's motion to participate as *amicus curiae* in *Royal Park v. Deutsche Bank*, No. 17-cv-05916-AJN, Dkt. 30 (S.D.N.Y. filed Oct. 25, 2017) was granted on November 7, 2017, and its interest was based on three overlapping trusts that also would have supported intervention.  *See* NCUA Br. 14-15.  After a New York court issued an erroneous oral decision on November 14, 2017, *see* NCUA Br. 15; HSBC Br. 2, NCUA has sought to better protect its interests though party intervention.

4

than "direct, substantial, and legally protectable," *Wash. Elec.*, 922 F.2d 92 at 97 (quoted at HSBC Br. 8, 11), because an NGN Trust now holds the FHLT 2006-C certificate and NCUA holds the right to re-conveyance of that same certificate by November 5, 2020.  HSBC is wrong.

*First*, NCUA's right to re-conveyance of the certificate, although a future event, is not subject to reasonable doubt.  Pursuant to the terms of the NGN Trusts, at maturity all NGN noteholders must be paid in full (including, if necessary, by NCUA as Guarantor) and remaining assets — including the FHLT 2006-C certificate — will then be re-conveyed to NCUA by November 2020.  See NCUA Br. 4; Proposed Compl. ¶ 18.[2]  This reality is evidenced by the fact that the courts in two of NCUA's underlying cases have allowed NCUA to substitute itself as *direct* plaintiff for certificates re-conveyed to NCUA from *four* unwound NGN Trusts.[3]

*Second*, NCUA's interest is cognizable *now*.  Because NGN noteholder payments are guaranteed by NCUA in its role as Guarantor, any withdrawals from FHLT 2006-C by HSBC for its unlawful indemnity will harm the *present* value of NCUA's NGN Owner Trust Certificates because less money flows into the NGN Trust, paying off the NGN noteholders will take longer, and fewer residual assets will remain for the holder of the Owner Trust Certificates.  This depresses the present value of the Owner Trust Certificates accordingly.  See NCUA Br. 4.

*Third*, in *Washington Electric*, on which HSBC relies, the intervenor's interest depended first on the plaintiff utility winning a judgment in the case and then on the intervenor's subsequent ability to convince a state utility board "ratepayers are entitled to a percentage of that recovery."  922 F.2d at 97; *see also B&A Demolition v. Markel Ins.*, 818 F. Supp. 2d 592, 596

---

[2] The cited paragraph inadvertently reports the maturity date for the relevant NGN Trust as being in January rather than November 2020, but that difference is immaterial here.

[3] *See NCUA v. HSBC*, No. 15-cv-02144-LGS, Dkt. 305 (Jan. 5, 2018); *id.* Dkt. 305-2, Tr. 5, (Court to HSBC: "why all the fuss" on NCUA's "fairly straightforward ministerial request" to substitute?); *NCUA v. Wells Fargo*, No. 15-cv-10067-KPF, Dkt. 392 (Dec. 1, 2017).

(E.D.N.Y. 2011) (similar). By contrast, NCUA's interest here is far more concrete and definite.

*Fourth*, *Washington Electric* did not reject *all* contingencies, only an interest "contingent upon the occurrence of a sequence of events *before it becomes colorable*." 922 F.2d at 97 (emphasis added). NCUA's interest is more than colorable, and is harmed by HSBC's ongoing withdrawals. The Second Circuit has cited *Washington Electric* in holding that contingent interests may warrant intervention even when not certain to occur. In *Bridgeport Guardians v. Delmonte*, the court held police "officers [were] entitled to intervene based on their interest in their promotion" although no promotion was assured. 602 F.3d 469, 474 (2d Cir. 2010). And *Brennan v. N.Y.C. Bd. of Educ.* held the "effects of a loss of relative seniority rights should not be regarded as too speculative and remote to justify intervention," even though future benefits of those rights were uncertain. 260 F.3d 123, 132 (2d Cir. 2001). As here, a "potential financial interest" conditioned on an event intervenors themselves "control" and which the court has "no reason to second guess," suffices. *In re Pandora*, 2013 WL 6569872, at *8 (S.D.N.Y. 2013).

*Fifth*, HSBC contends (at 9) that it is "fatal" NCUA "does not own certificates in FHLT 2006-C." However, "Rule 24(a)(2) requires not a property interest but, rather, 'an interest *relating to* the property or transaction which is the subject of the action.'" *Brennan*, 260 F.3d at 130 (quoting rule)) (emphasis added); *N.J. Carpenters v. Res. Cap.*, 2010 WL 5222127, at *4 (S.D.N.Y. 2010) (rule does *not* require "an interest *in* the property"); NCUA Br. 9-10. As FHLT 2006-C trust funds decline, the value of NCUA's Owner Trust Certificate is directly diminished.

*Sixth*, contrary to HSBC's assertion (at 10 n.6), NCUA has "Article III standing" "based on its NGN Owner Trust Certificates the value of which were diminished by Defendant's PSA breaches." *NCUA/WF I*, 247 F. Supp. 3d at 415 n.19. Regardless, an intervenor need not have Article III standing — or standing as a real party in interest — to intervene where, as here, it

6

does not "pursue relief that is different from that which is sought by" the plaintiff. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017).

*Finally*, in any event, in the underlying HSBC litigation, the court held that NCUA has standing to "assert a claim derivatively on behalf of the NGN Trusts." *See NCUA v. HSBC*, 117 F. Supp. 3d 392, 399 (S.D.N.Y. 2015). NCUA likewise could have sought intervention here derivatively on behalf of NGN Trusts, but given the different standard for intervention and a desire to keep its request simple and efficient, NCUA did not. If the Court determines NCUA must have standing as a real party in interest for a new claim, in addition to meeting Rule 24's lesser requirements, then NCUA respectfully requests leave to amend its proposed complaint to bring the same type of derivative claim that the court in the underlying litigation held is proper.[4]

### C. NCUA's Ability to Protect Its Interests May Be Impaired

NCUA's interests may be impaired "because of" its absence from this litigation. *MasterCard*, 471 F.3d at 387; NCUA Br. 9-11. *MasterCard* (cited by HSBC) is inapposite here because NCUA has an interest in the *very same trust funds* that HSBC is unlawfully withdrawing from FHLT 2006-C. In *MasterCard*, by contrast, the intervenor Visa did not seek adjudication of any terms found in its *own* contract, but rather sought to litigate a separate contract between MasterCard and a third party. 471 F.3d at 380-81. NCUA, of course, will advance arguments under terms in its *own* contract with HSBC, which is already at issue in Royal Park's complaint.

---

[4] HSBC never sought reconsideration of the derivative standing ruling in *NCUA v. HSBC*, which is now law of that case, and HSBC should be collaterally estopped from re-litigating the issue here. HSBC (at 9-11) points to different rulings in two of NCUA's other underlying cases (against U.S. Bank and Wells Fargo) holding that NCUA lacks derivative standing, one of which (U.S. Bank) is currently on appeal. Nevertheless, in *NCUA/WF II*, Judge Failla allowed the perceived derivative standing defect to be cured by the NGN indenture trustee's subsequent appointment of a separate trustee for the NGN Trusts to bring the putative derivative claims in that case directly. *See* 2017 WL 3610511, at *15-19 (S.D.N.Y. 2017). NCUA likewise could effectuate the same result here, if the Court were to find such a measure necessary despite the fact that Rule 24(a)(2) requires only "an interest relating to the property."

Forcing NCUA to litigate separately risks precisely the type of inconsistent judgment that HSBC admits (at 14) is sufficient, because one court could rule that HSBC may not withdraw FHLT 2006-C trust funds for indemnity while another holds that it may. HSBC then would be "unable to comply with one court's order without breaching another." *Fed. Ins. v. SafeNet Inc.*, 758 F. Supp. 2d 251, 258 (S.D.N.Y. 2010); *see also Home Ins. Co.*, 1990 WL 188925, at *5.

Further, contrary to HSBC's assertion (at 15) that "no court has found that the possibility of *persuasive* authority was an impairment under Rule 24," the Second Circuit did so in *Oneida Indian Nation v. New York*, 732 F.2d 261 (2d Cir. 1984). Absentees in that case claimed an interest in land disputed by the existing parties under various treaties, just as NCUA claims an interest in FHLT 2006-C trust funds. *Id.* at 266. Although the existing action would "not operate *in rem* upon the land" and "collateral estoppel by judgment [against absentees was] not implicated," the court ordered intervention because the district court's decision on remand "will implicate principles of *stare decisis*" such that "the intervenors' ability to protect their interests will be impaired or impeded 'as a practical matter.'" *Id.* at 266. This Court's resolution of the FHLT 2006-C trust could likewise have a similar effect as that found sufficient in *Oneida*.

### D. Representation May Be Inadequate

"[I]ntervention is commonly granted to absent class members." *Chen-Oster*, 2015 WL 4619663, at *4; *see* NCUA Br. at 12. There is no "presumpt[ion]" to the contrary. HSBC Br. at 17 (citing *In re NASDAQ*, 187 F.R.D. 465, 491 (S.D.N.Y. 1998)). The absent class member in *NASDAQ* sought intervention "to litigate his unrelated, 25 year old claims" and would have derailed a settlement. 187 F.R.D. at 491; *see supra* p.3. Though the court stated that "Class members" *in that case* were adequately represented, *id.* at 491, the court cited *Diduck v. Kaszycki & Sons Contractors*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993), which accurately observes that

8

intervention in class actions "should be liberally allowed," not presumptively denied.[5]

Consistent with "*efficiently* administering legal disputes," *NASDAQ*, 187 F.R.D. at 490, NCUA seeks intervention where its dispute is already presented and adds no trusts or claims. And requiring NCUA to wait — until a "class has been certified," HSBC Br. at 17, or "conflicting interests" manifest, *id.* at 18 — is antithetical to Rule 24's preference for "timely motion[s]," Rule 24(a) & (b)(1).  *See also Oneida*, 732 F.2d at 266 (no adequate representation even though "intervenors will take essentially the same position" on initial legal question because "there is no assurance that the lawsuit will end at that point").  NCUA will opt out of any class that is certified, so precluding intervention would only complicate and delay resolution of NCUA's dispute with HSBC, which is doubly prejudicial where investors are paying all costs.

Moreover, "a very strong interest" like NCUA's, coupled with no prejudice to HSBC, warrants intervention "upon a lesser showing of . . . inadequacy of representation." *United States v. Hooker Chems & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984); NCUA Br. at 11-13. Nor does NCUA seek to add to the trusts already at stake.

NCUA's minimal showing is further supported, as in *New Jersey Carpenters*, by its interests in additional DBALT and WFHET trusts. *See* 2010 WL 5222127, at *4 ("disposition on the merits would inevitably affect [absent members'] claims" arising from "same course of conduct" and based on "same legal theories"). NCUA's decision not "to inject [these] collateral"

---

[5] The other cases cited by HSBC (at 15-17) did not involve an absent class member seeking to intervene and are therefore distinguishable. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171 (2d Cir. 2001); *United States v. N.Y. Bd. of Elections*, 312 F. App'x 353 (2d Cir. 2008); *Wells Fargo Bank, N.A. v. Wales LLC*, 2014 WL 4672395 (S.D.N.Y. 2014); *Kheel v. Am. S.S. Owners Mut.*, 45 F.R.D. 281 (S.D.N.Y. 1968); *United States v. I.B.M.*, 62 F.R.D. 530, 536-37 (S.D.N.Y. 1974).

HSBC (at 2) also misstates the holdings of two cases it claims support its case on the merits. In *VNB Realty v. U.S. Bank*, 2016 WL 3912028 (D.N.J. 2016), the court merely denied a preliminary injunction for lack of irreparable harm *without* addressing the merits. In the cited *Royal Park Trustee Litigation* decision, the magistrate judge made discovery rulings that assumed indemnification of the trustee for trust administration — not indemnity against investor claims alleging trustee malfeasance.

interests *supports* intervention, *Wash. Elec.*, 922 F.2d at 97, but does not preclude the Court from considering those interests, which NCUA is "best positioned to [protect] . . . through [its] own counsel." *Jakubik v. Schmirer*, 2013 WL 3465857, at *2 (S.D.N.Y. 2013).

Further, contrary to HSBC's assertion (at 16-17), NCUA's statutory liquidating agent powers to preserve credit union estate assets reduce risk to NCUA's insurance funds, and are integral to the credit union system. The relief NCUA seeks thus redounds to a public benefit.

## II. Alternatively, the Court Should Grant Permissive Intervention

At a minimum, NCUA meets the lesser standard for permissive intervention in Rule 24(b), "a claim or defense that shares with the main action a common question of law or fact." Indeed, the alternative to intervention is for NCUA to file a separate suit involving numerous trusts including the same FHLT 2006-C trust already before this Court. Intervention is the efficient outcome and is appropriate given the absence of any prejudice to the existing parties.

HSBC wrongly asserts (at 25) that NCUA's *amicus* brief from a different case attached to its motion adds to its briefing limit. But that brief says *nothing* about intervention, and NCUA's opening brief was nine pages under the Court's limit. Moreover, one important factor for permissive intervention is "whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Chen-Oster*, 2015 WL 4619663, at *5; *see* NCUA Br. 14-15. Its *amicus* brief demonstrates that NCUA will do so by ensuring a full presentation pertaining to HSBC's fee-shifting indemnity under *Hooper* and related issues including the role of a trust, trust funds, and the certificates by which investors contracted with HSBC. *See* NCUA Br. at 13-16. HSBC's request to strike NCUA's exhibit should be denied.

## CONCLUSION

The Court should grant intervention and incorporate NCUA in any merits briefing.

10

Dated:  January 10, 2018

John A. Libra
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Tel:  (312) 641-9750
Fax:  (312) 641-9751
jlibra@koreintillery.com

Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Tel:  (212) 382-3300
Fax:  (212) 382-0050
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Respectfully submitted,

/s/ *Scott K. Attaway*
David C. Frederick
Scott K. Attaway
Matthew M. Duffy
KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
dfrederick@kellogghansen.com
sattaway@kellogghansen.com
mduffy@kellogghansen.com

*Counsel for the National Credit Union Administration Board, as Liquidating Agent*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2018 a copy of the foregoing was served on all counsel of record via ECF.

/s/ *Scott K. Attaway*
Scott K. Attaway