**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Christopher M. Wood
CWood@rgrdlaw.com

January 19, 2018

<u>VIA ECF</u>

The Honorable Valerie E. Caproni
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 443
New York, NY 10007

      Re:   *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*,
             No: 17-cv-07684-VEC (S.D.N.Y.)

Dear Judge Caproni:

      Plaintiff Royal Park Investments SA/NV ("Royal Park") respectfully submits this response to the Court's Order, holding Royal Park "must show cause, by letter dated no later than January 19, 2018, why the Court should not strike its opposition to Defendant's motion to dismiss." ECF No. 54.

      Royal Park filed its opposition to HSBC's motion to dismiss (the "Opposition") based on the Court's November 8, 2017, Order endorsing HSBC's letter motion and setting forth a briefing schedule for HSBC's motion to dismiss Royal Park's complaint, which required Royal Park to file the Opposition by no later than January 16, 2018. ECF No. 18

      Royal Park's understanding was that the Court's December 15, 2017, Order was directed to the proposed motion to dismiss NCUA's complaint, which was discussed in the endorsed letter, not the separate briefing of HSBC's motion to dismiss Royal Park's complaint, which was not at issue. *See* ECF Nos. 40, 41, 45. Indeed, no party requested that the schedule set by the Court for briefing HSBC's motion to dismiss Royal Park's complaint be altered. *Id*. Had they done so, Royal Park would have objected to such a request.

      Royal Park understands from the Court's January 17, 2018, Order that the Court in fact intended to stay briefing on HSBC's motion to dismiss Royal Park's complaint pending resolution of NCUA's motion to intervene. Royal Park apologizes for its misunderstanding of the Court's December 15, 2017, Order.

      Royal Park would not presume to tell the Court how it should exercise its broad discretion in managing its docket with respect to the Opposition. The Court could strike the

Robbins Geller
Rudman & Dowd LLP

The Honorable Valerie E. Caproni
January 19, 2018
Page 2

Opposition and direct that any opposition be refiled following resolution of NCUA's motion to intervene. Alternatively, as the filing of the Opposition does not prejudice any party, the Court could hold further briefing on HSBC's motion to dismiss in abeyance pending resolution of NCUA's motion to intervene.

However the Court chooses to resolve the matter, Royal Park would note that additional delay in resolving HSBC's motion to dismiss creates a risk of significant prejudice for Royal Park and the proposed Class. HSBC continues to raid the Covered Trusts by taking impermissible advancements (under the guise of "indemnification"). ECF No. 52 at 4, 17-20. As explained more fully in Royal Park's opposition to the motion to dismiss Royal Park's complaint, HSBC's rationale for using trust funds is based on an incorrect interpretation of the pooling and servicing agreements that contradicts New York law. *Id*. at 5-12. Absent an order on HSBC's motion to dismiss, HSBC's improper raiding of the Covered Trusts will continue unabated, and Class members may never recover such funds, as HSBC is sure to contend, as it has in the underlying action, that class certification is inappropriate (a proposition with which Royal Park obviously disagrees).

Respectfully submitted,

CHRISTOPHER M. WOOD

CMW:dlh

cc: All Counsel via ECF

1353722_1