**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Christopher M. Wood
CWood@rgrdlaw.com

June 18, 2018

The Honorable Valerie E. Caproni           <u>VIA ECF</u>
U.S. District Court, Southern District of New York
500 Pearl Street, Room 443
New York, NY 10007

      Re:    *Royal Park Investments SA/NV v. HSBC Bank USA, National Association*,
             No: 17-cv-07684-VEC (S.D.N.Y.)

Dear Judge Caproni:

      Plaintiff Royal Park Investments SA/NV respectfully submits this response to the Court's June 14, 2018 Order, stating that Royal Park "must show cause . . . why this case should not be stayed, and how exactly Plaintiff would be prejudiced were this case not to proceed presently." ECF No. 59 (the "Order").

      This action should not be stayed. While resolving the fully-briefed motion to dismiss will not burden HSBC in any way, a stay will severely prejudice Royal Park and the proposed Class by foreclosing the availability of injunctive and declaratory relief. Royal Park respectfully submits that the Court should resolve the motion to dismiss and then set a case management conference to determine the appropriate way to proceed at that time.

      The Court has broad discretion to control the disposition of the cases on its docket, including by staying proceedings. *Chevron Corp. v. Donziger*, 970 F. Supp. 2d 214, 220 (S.D.N.Y. 2013). Nevertheless, "'"[a]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim."'"[1] *Id*. "[A]ny stay must be 'tailor[ed] . . . so as not to prejudice the non-moving litigant unduly.'" *Id.* at 223.

      ***First***, a stay risks substantial prejudice, and potentially irreparable harm, to plaintiff and the proposed Class. This action seeks repayment of funds already improperly charged to the trusts **and** declaratory and injunctive relief to stop HSBC's ongoing and future wrongful looting of trust assets. ECF No. 1 at 17-19. The declaratory and injunctive relief sought is a critical component of this action because the class members' ability to recover funds already improperly taken will be much more difficult than enjoining such billing in the future. As the District Court's denial of class certification in the underlying litigation demonstrates, purported individual inquiries associated with determining which certificateholders have standing to

---

[1] Here, as elsewhere, citations are omitted and emphasis is added, unless otherwise noted.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Valerie E. Caproni
June 18, 2018
Page 2

recover for past damages resulting from HSBC's alleged violations will undoubtedly be raised by HSBC in this action in an attempt to defeat class certification.[2]  No. 14-CV-8175-LGS-SN, ECF No. 454 at 6-11.  Importantly, however, such inquiries are irrelevant to an injunctive relief class.  *See In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 116 (E.D.N.Y. 2012) ("the ascertainability requirement is less important in a Rule 23(b)(2) class, since a chief objective of this rule is to provide broad injunctive relief to 'large and amorphous' classes"); *Shelton v. Bledsoe*, 775 F.3d 554, 563 (3d Cir. 2015) ("The nature of Rule 23(b)(2) actions, the Advisory Committee's note on (b)(2) actions, and the practice of many . . . other federal courts all lead us to conclude that ascertainability is not a requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief . . . .").[3]

The Order's statement that "Plaintiff would be extremely likely to obtain a judgment should it prevail in this action at some point in the future" does not account for the difficulties associated with certifying the class' claims for historical damages.  Regardless of HSBC's "deep pockets," were the Court to stay this action pending the conclusion of the underlying case, it is possible that the proposed Class would be left with no practical remedy to recover for HSBC's misconduct.  Resolving the pending motion to dismiss allows Royal Park and the class to pursue injunctive and declaratory relief now and stop HSBC's further looting of the trusts before it is potentially too late, and certainly far more complicated and expensive, to recover and distribute such funds to class members.

*Second*, HSBC's contention that Royal Park's claims are "premature [and] create the risk of inconsistent determinations of factual and legal issues common to both cases" is inaccurate.  ECF No. 58 at 5.  Whether the PSAs provide HSBC with *any* indemnification in an action brought by a certificateholder is not at issue in, or dependent on the outcome of, the underlying litigation.  ECF No. 52 at 5-12.  Whether the PSAs provide for the advancement of HSBC's legal fees is not at issue in, or dependent on the outcome of, the underlying litigation.  *Id.* at 17-20.  The fact that two of the covered trusts fail to provide for any indemnification for attorneys' fees whatsoever is not at issue in, or dependent on the outcome of,  the underlying litigation.  *Id.* at 20-22.  HSBC's assertion that "Royal Park's claims depend upon a finding of negligence in [the underlying] case" (ECF No. 58 at 4) is wrong and utterly ignores Royal Park's fundamental contention that "HSBC is not entitled to indemnification for the Litigation *regardless of its outcome*."  ECF No. 52 at 1.  Indeed, while a finding of negligence would *separately* prohibit

---

[2]  As set forth in its Fed. R. Civ. P. 23(f) petition, Royal Park strongly disagrees with the District Court's analysis.  No. 18-455, ECF No. 1 (2d Cir. Feb. 16, 2018).

[3]  These decisions predate *In re Petrobras Sec. Litig.*, 862 F.3d 250, 264 (2d Cir. 2017), which clarified that Fed. R. Civ. P. 23 contains no freestanding administrative feasibility requirement.  Nevertheless, in an action seeking damages, such individualized inquiries "must be considered within the framework of Rule 23(b)(3)'s predominance requirement."  *Id.* at 273.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Valerie E. Caproni
June 18, 2018
Page 3

indemnification, that issue is not even in dispute in this action, as HSBC concedes the point. *See* ECF No. 58 at 1 (HSBC is not indemnified for negligence or gross negligence).

**Third**, a stay is inappropriate because it would be tantamount to an immediately-appealable denial of Royal Park's declaratory and injunctive relief claims. *See Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702 (3d Cir. 1991) ("[Section] 1292(a)(1) extends to the review of 'orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence.'"). As set forth above, those claims are critical to this litigation as HSBC's improper actions are ongoing and there is a substantial risk that certificateholders may be frustrated in their ability to recover for past damages, regardless of the depth of HSBC's pockets.

**Fourth**, HBSC will not suffer any prejudice from resolution of the motion to dismiss, and its footnoted request for a stay is itself incompatible with its obligations and fiduciary duties to certificateholders and should be rejected. If HSBC believed it had not violated its contractual obligations, improperly converted trust asserts and breached its duty of trust, it would be champing at the bit to have this Court confirm the appropriateness of its actions. Instead, HSBC now seeks to shut down this litigation indefinitely and avoid adjudication of the serious claims brought against it. The only possible motivation for HSBC's stay request is that it would rather continue billing the trusts for its defense costs – despite the uncertainty regarding the appropriateness of its actions – than risk a court finding that would force it to fund its own defense. And HSBC's change of heart is palpable. At the November 17, 2017 Conference, the Court "heard Mr. Reddington say he's ***perfectly happy to make the motion to dismiss and have it decided***." Hearing Tr. at 10:5-7. In its motion to dismiss, HBSC never asked this Court to stay resolution of the motion to dismiss or so much as attempt to meet the burden necessary to justify a stay. In fact, it was only after Royal Park filed its opposition to HSBC's motion to dismiss that HSBC now seeks to stay the action, presumably because it appreciates the substantial risk that the Court will deny its motion and it will have to actually fund its own defense. This is not the conduct of a faithful fiduciary and should not be sanctioned by this Court.

This action should not be stayed. Resolving the motion to dismiss, at the very least, will significantly advance this litigation and allow the parties to tailor an appropriate case management plan for the efficient resolution of this action.

Respectfully submitted,

CHRISTOPHER M. WOOD

CMW:drd
cc: All Counsel of Record (via ECF)

1444257_1