LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD C. REDDINGTON
(202) 434-5063
ereddington@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 21, 2018

<u>Via ECF</u>

The Honorable Valerie E. Caproni
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York, 10007

      Re:    <u>*Royal Park Investments SA/NV v. HSBC Bank USA, National Association, as Trustee*</u>, 17-cv-07684-VEC (S.D.N.Y.)

Dear Judge Caproni:

      I write in response to the Court's June 18, 2018 direction.  Dkt. 61.

      On June 13, the Court ordered Royal Park to show cause "why this case should not be stayed, and how exactly Plaintiff would be prejudiced were this case not to proceed presently." Dkt. 59.  Royal Park's response fails to offer any valid reason why this case should not be stayed and points to no legitimate prejudice.  Dkt. 60.  Accordingly, the Court would be well within its discretion to order a stay pending resolution of the underlying litigation.  *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

      As a threshold matter, in deciding whether to stay this action, the Court should consider whether a stay will serve the interests of judicial efficiency, including by minimizing the possibility of inconsistent adjudications.  *Catskill*, 630 F. Supp. 2d at 304.  Such considerations argue strongly in favor of a stay here.  As this Court observed, "the instant case involves factual and legal issues that overlap with the underlying litigation between the same parties," raising the risk of conflicting determinations of common issues and wasting judicial resources by proceeding simultaneously in multiple proceedings.  Dkt. 59.  Specifically, the question of whether HSBC purportedly acted with the requisite level of culpability to foreclose

WILLIAMS & CONNOLLY LLP

Honorable Valerie E. Caproni
June 21, 2018
Page 2

indemnification is central to its liability in the underlying litigation.  This Court should not attempt to answer that question in the first instance or in the abstract, risking a conflicting determination with a case that has been proceeding since 2014.  Courts in this district routinely issue stays "when awaiting the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action to be stayed." *Catskill*, 630 F. Supp. 2d at 304; *Finn v. Barney*, No. 08-cv-2975-LTS-KNF (Dec. 8, 2008).[1]

Turning to Royal Park's contentions, Royal Park's response identifies no actual prejudice to Royal Park from a stay.  Royal Park claims that its ability to recover funds already expended will be much more difficult than enjoining billing in the future. Dkt. 60 at 1.  This assertion, however, is inaccurate.  As the Court has observed, HSBC is a large institution that would be financially capable of covering any liabilities it might incur in this case. Dkt. 59.  In the unlikely event HSBC were to be found liable, HSBC would be able to satisfy any adverse judgment.  In fact, as Justice Ramos recognized in the *Wells Fargo* matter, it is *HSBC*, not plaintiff, who is at risk of prejudice if its right to indemnification were to be prematurely foreclosed.  This is because HSBC will be around to satisfy any adverse judgment if plaintiff prevails on its claims, but money distributed to certificate holders will be gone forever. *PIMCO Absolute Return Strategy 3d Offshore Fund Ltd. v. Wells Fargo Bank, Nat'l Ass'n*, No. 654743/17 (N.Y. Sup. Ct. Nov. 13, 2017) ("J. Ramos Order") at 18:18-21 (transcript available at Dkt. 32-4) ("[Y]ou have to establish that they don't have the right otherwise granted to them under the PSA to take these payments out.  And unlike your client, they're going to be around if you succeed. The money that goes out to the certificate holders will never be seen again.  We all know that.").

In any event, injunctive relief is an extraordinary remedy, and it strains credulity to suggest that plaintiff is more likely to obtain equitable relief than money damages from a financial institution of HSBC's solvency. *Aetna Health Plans v. Hanover Ins. Co.*, 27 N.Y.3d 577, 586, 56 N.E.3d 213, 219 (2016) ("[W]e have long held that equity will not entertain jurisdiction where there is an adequate remedy at law") (internal quotation marks omitted).  The myriad of unique factual circumstances in which the trustee could be entitled to indemnification in the future would render ill-advised and speculative any broad-based prospective equitable relief, and HSBC's ability to satisfy any adverse judgment effectively would preclude such relief here. *Buchman v. Am. Foam Rubber Corp.*, 250 F. Supp. 60, 69 (S.D.N.Y. 1965) (plaintiff's ability to recover judgment from defendant is a factor in determining the adequacy of a remedy at law).

---

[1] Royal Park's suggestion that a stay here would be immediately appealable is incorrect.  As the Second Circuit has recognized, a "stay order ordinarily does not qualify as a final decision," which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 111–12 (2d Cir. 2015).  For this reason, stays are not appealable unless the stay puts the litigant effectively out of court. *Id.*  That would not be the case here.

WILLIAMS & CONNOLLY LLP

Honorable Valerie E. Caproni
June 21, 2018
Page 3

      To the extent Royal Park's claim of prejudice is premised on its assertion that certifying a class based on "historical damages" would be more difficult than certifying a class for injunctive relief, this assertion is irrelevant and, in any event, legally incorrect.  It is irrelevant because a litigant does not need to certify a class to seek injunctive relief.  Notably, Royal Park has not moved for a preliminary injunction, despite the fact that this case has been pending for eight months and the underlying litigation has been pending for four years.  Its failure to do so belies its claim that delay prejudices it or that an injunction is needed.[2]  Royal Park's argument also is incorrect because it assumes that, by including a claim for injunctive relief, Royal Park could certify a class without needing to show predominance of common issues by proceeding under Rule 23(b)(2).  But even if the case proceeds now, Royal Park's claims are not limited to injunctive relief; they also include a request for monetary damages.  Royal Park cannot certify a class that includes both of these types of claims unless they show that monetary damages are only incidental and not individualized.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011); *Nationwide Life Ins. Co. v. Haddock*, 460 F. App'x 26, 29 (2d Cir. 2012).  Here, any monetary damages would be individualized, because each class member's recovery would depend on the position of its security in the waterfall, the amount of it holdings, and the time period in which it held.  Such damages would not be merely incidental to injunctive relief; they are an independent basis of Royal Park's claims.  Thus, the weaknesses that Royal Park identifies in its position on class certification, *see, e.g., Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-8175-LGS-SN, Dkt. 454 at 9, 12. (S.D.N.Y. Feb. 1, 2018), will exist whether the case proceeds now or later, and whether the purported class seeks monetary damages alone or also injunctive relief.

      Royal Park argues that the case should proceed anyway based on its position that HSBC is not entitled to indemnification regardless of its culpability.  That argument already has been rejected in New York state court.  J. Ramos Order at 21:5–8.  Even if this Court were inclined to decide an issue of state law differently than a state court that has addressed the issue, it would be wasteful and inefficient to do so in a piecemeal fashion rather than letting common issues be developed and resolved in the underlying litigation, where the Court there has the benefit of ongoing and extensive discovery (including on party intent and the meaning of numerous terms contained in the governing agreements).

      Finally, while Royal Park's letter contains many inaccuracies concerning the nature of HSBC's duties as indenture trustee, I briefly address Royal Park's mischaracterization of the record with respect to HSBC's position on a stay.  As the Court likely recalls, the Court first brought up the issue of a stay at the initial status conference.  Hr'g Tr. at 4:20–22.  HSBC's position then, as it is now, was that HSBC is entitled to indemnification and has a meritorious motion to dismiss, but because of the overlap in factual and legal issues with the underlying

---

[2] As explained in HSBC's motion to dismiss, a request for such an injunction brought by a certificate holder against an indenture trustee was denied in analogous circumstances.  *VNB Realty v. U.S. Bank*, No. 13-cv-4743-WJM, 2016 WL 3912028 (D. N.J., July 19, 2016).

WILLIAMS & CONNOLLY LLP

Honorable Valerie E. Caproni
June 21, 2018
Page 4

litigation, a stay would be appropriate.  *Id.* at 8:19–9:9.  This remains HSBC's position.[3]  Royal Park's assertion that HSBC has changed its position on a stay based on Royal Park's ridiculous mischaracterization of HSBC's alleged motivation is unsupported and unrealistic.  HSBC is entitled to indemnification, and the sophisticated investors who have interacted with trustees for years in the context of financial crisis litigation always have been well-aware of this right.  In fact, the parties have taken discovery on the investors' awareness and understanding of this right in the underlying litigation, and plaintiffs there have known for many months before Royal Park filed the instant suit that HSBC was using trust funds to indemnify its legal costs.  Rather than challenging this right to indemnification in the underlying litigation, plaintiffs instead attempted to use the fact of indemnification to invade privilege.  Now, for strategic reasons, certain of these investors may choose to argue that the right does not exist, but to prevail they first must prove the validity of their novel and overbroad claims in the underlying litigation.  For these reasons, if the Court is not inclined to dismiss this case outright, the case should be stayed until completion of the underlying litigation.

                Respectfully submitted,

                Edward C. Reddington

---

[3] Unlike counsel for Royal Park, the Court accurately characterized HSBC's position at the status conference.