USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ROYAL PARK INVESTMENTS SA/NV,  :
Individually and on Behalf of All Others  :
Similarly Situated,  :
                                Plaintiff,  :        17-CV-7684 (VEC)
                              -against-  :        ORDER
                                :
HSBC BANK USA, NATIONAL  :
ASSOCIATION, as Trustee,  :
                             Defendant.  :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS the instant case involves factual and legal issues that overlap with the underlying litigation between the same parties, 17-CV-8175-LGS-SN;

       WHEREAS Defendant, arguing that Plaintiff's claims risk inconsistent determinations on issues common to both cases, has asked this Court "[a]t a minimum [to] stay this proceeding until the conclusion of the [underlying case]," [Dkt. 58 at 5 n.4];

       WHEREAS Defendant is a sizeable entity with "deep pockets" from which Plaintiff would undoubtedly be able to recover a judgment should it prevail in this action at some point in the future;

       WHEREAS the Court ordered Plaintiff to show cause why this case should not be stayed, and how exactly Plaintiff would be prejudiced were this case not to proceed presently [Dkt. 59];

       WHEREAS Plaintiff argues, *inter alia*, that a stay would risk substantial prejudice and irreparable harm to the class, which would become more difficult to certify for injunctive relief; that the outcome of the instant case is not dependent on the underlying litigation; that a stay would effectively render Plaintiff's declaratory and injunctive claims immediately appealable;

and that Defendant will not suffer any prejudice from resolution of the pending motion to dismiss [Dkt. 60]; and

WHEREAS Defendant contends, *inter alia*, that a stay will serve the interests of judicial efficiency, including by minimizing the possibility of inconsistent adjudications; that HSBC will be able to satisfy any adverse judgment when the case is ultimately decided; that a certified class is unnecessary for pursuing injunctive relief; that Plaintiff has not sought any preliminary injunctions that would suggest its claim is time-sensitive, while issues with class certification will persist regardless of the stay; and that the stay is not a final order that is immediately appealable [Dkt. 62].

IT IS HEREBY ORDERED that this case is stayed pending resolution of the underlying case, 17-CV-8175-LGS-SN.  The Court finds that the instant matter involves factual and legal issues that overlap with the underlying case, including Defendant's conduct and level of culpability *vel non*, which will relate to the availability of indemnification in this case.  For both matters to proceed simultaneously would be judicially inefficient and risks conflicting determinations.  Plaintiff's arguments against a stay do not persuade the Court otherwise.

**SO ORDERED.**

Date:  August 2, 2018  
       New York, New York

                                      VALERIE CAPRONI  
                                      United States District Judge